UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY,

        Plaintiff,

v.

SAMER BALLOUZ, LAMA BALLOUZ,
DTJ INVESTMENT PROPERTIES, LLC,
NICOLE BURNHAM, ROBERT BURNHAM,
CONSTANCE BURNHAM, NATHAN
BURNHAM and CHRYSTIAN BURNHAM,

        Defendants.

Case Number 19-10007
Honorable David M. Lawson

_____/

## **OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Allstate Indemnity Company ("Allstate") filed the present action in this federal court seeking a declaratory judgment that it is not obligated to defend or indemnify DTJ Investment Properties, LLC ("DTJ Investment") in a lawsuit filed in a Michigan state court. In the state court case, DTJ Investment, a defendant here, sued Nicole Burnham, Robert Burnham, Constance Burnham, Nathan Burnham, and Chrystian Burnham (the "Burnhams"), also defendants here, for nonpayment of rent. The Burnhams then counter-sued DTJ Investment, owned and operated by defendants Samer Ballouz and Lama Ballouz, for injuries that they say resulted from mold contamination at the home they were leasing from DTJ Investment. The Burnhams alleged several theories of liability, including negligence, violation of various state statutes, fraud, and breach of contract.

Allstate issued a Landlords Package insurance policy and Personal Umbrella policy to Samer Ballouz and Lama Ballouz. Allstate contends in this case that there is no insurance coverage for the claims made by the Burnhams in their state court case because the factual bases for the

claims do not fit within the insuring language, and several policy exclusions apply, depending on the nature of the injuries claimed.

Because the district courts have discretion whether to exercise jurisdiction in declaratory judgment actions, a determination on whether to adjudicate such cases should be made at the outset. All the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, so the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice. Allstate responded to the show cause order, addressing the relevant factors, and contending that they favor accepting jurisdiction of the case. However, some of the coverage determinations will depend on the factual development of the state court claims, despite Allstate's insistence to the contrary. Because of the danger of inconsistent results that could arise when the related cases proceed in different forums, and because other factors favor the refusal of declaratory judgment jurisdiction, the Court will dismiss the case without prejudice.

I.

According to the state court counter-complaint, in May 2018 the Burnhams began renting a home located at 5461 White Hall Circle, West Bloomfield, Michigan from DTJ Investment. They soon discovered mold inside the residence, exposing them to a fungus that can cause severe infection and contaminating the air quality. DTJ Investment retained several contractors to address theses issues, but the Burnhams allege that attempts to remediate the problem — characterized as "limited repairs and half measures" — were ineffective. The problems persisted. The Burnhams could not afford other suitable housing in the area and were forced to live temporarily in hotels. They eventually moved out on September 1, 2018.

During the relevant time period, the West Bloomfield rental property was subject to two Allstate insurance policies issued to Samer Ballouz and Lama Ballouz. The Burnhams' state court

lawsuit names DTJ Investment as a defendant. It alleges claims for damages based on negligence, misrepresentation, silent fraud, the Michigan Consumer Protection Act, residential lease and security deposit requirements under state law, and breach of contract. Allstate is not a party to that case.

In this case, Allstate contends that the insurance policies do not cover DTJ Investment; that the damages alleged by the Burnhams were caused by contamination of the premises, which is a peril excluded from coverage; and that there is no coverage for some of the theories of liability included in the Burnhams' state court counter-complaint. Allstate asks this Court to hold a jury trial to resolve any factual disputes and eventually to absolve it of any obligation to defend or indemnify DTJ Investment. Allstate's complaint states 10 grounds, which include the cause of the Burnhams' injuries and the landlords' conduct, that it believes bar coverage.

## II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act is not mandatory, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention, *see Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado*

*River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem," *Bituminous Cas. Corp.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)). The Court has discretion to decline jurisdiction over a declaratory judgment action even where the parties are diverse and the amount in controversy meets the threshold. *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) ("We have repeatedly held in these insurance coverage diversity cases that the Declaratory Judgment Act grants the district courts a discretion to entertain such cases . . . .").

To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* cataloged five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)); *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Unless these factors weigh in favor

of entertaining the action, the federal court should abstain. *Bituminous Cas. Corp.*, 373 F.3d at 813.

A. Settle the controversy

Sixth Circuit precedent on this factor is somewhat inconsistent. *Compare Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's decision could not settle the controversy in the underlying state court litigation; thus, the first factor favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds."). Later, however, the Sixth Circuit reconciled those cases, reasoning that "the contrary results . . . might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). This factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation and there is a legal, and not a factual, dispute in federal court. *Id.* at 556.

Here, however, this factor favors abstention. A decision on the coverage question in this Court will not resolve the underlying dispute. Instead, the fact questions may drive the coverage determination. In resolving this declaratory judgment action, the Court would be required to delve into factual issues that likely will be litigated in the state court action. Allstate argues that the Court will not need to resolve any of the underlying factual disputes because "the truth of what actually occurred is not relevant for determining whether Allstate must defend DTJ in that litigation." Allstate emphasizes the distinction between its duty to defend and its duty to indemnify, arguing that the former "depends upon the allegations in the complaint of the third

party in his or her action against the insured . . . and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy." *Orchard, Hiltz & McCliment, Inc. v. Phoenix Ins. Co.*, 676 F. App'x 515, 519 (6th Cir. 2017) (quoting *Citizens Ins. Co. v. Secura Ins.*, 279 Mich. App. 69, 755 N.W.2d 563, 566-67 (2008)). But Allstate's argument depends on the Court finding that there is no duty to defend. In the event that the Court determines that based on the pleadings, Allstate has a duty to defend, then the Court necessarily must resolve any factual disputes to determine whether Allstate also has a duty to indemnify the insureds. *See ibid.* ("The duty to indemnify typically does not arise until 'liability for the injury has been established.'") (quoting *Gelman Sci., Inc. v. Fireman's Fund Ins. Cos.*, 183 Mich. App. 445, 455 N.W.2d 328, 330 (1990)).

B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814.

The Burnhams have alleged in their state counterclaims that DTJ Investment misrepresented the condition of the home, that it failed to maintain the residence as required by state law, and that it was negligent in its remediation efforts. If DTJ Investment in fact hid the mold or its remedial efforts were inadequate, then it could be found liable for the Burnhams'

injuries. Those same proofs will be needed to resolve many of the coverage issues Allstate has raised. The natural order of things calls for the liability facts to be decided in the injured person's forum of choice, and for the resolution of indemnity questions to follow in the same forum. *Bituminous Cas. Corp.*, 373 F.3d at 812. Deciding the causation and conduct issues in a separate coverage litigation only would serve to muddy the legal relationships of the parties.

## C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files its declaratory judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that Allstate has acted improperly by choosing the present forum. The most that can be said is that Allstate preferred a federal court to a state court, where this action also could have been filed, and where the underlying tort action was pending when this lawsuit was commenced. There is nothing improper about that. This factor does not favor abstention.

## D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green*, 825 F.2d at 1067. Therefore, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness

informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)).

The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale*, 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561.

It is the first sub-factor that is in play here. As the *Flowers* court explained:

> The liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory judgment action. However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court.

*Flowers*, 513 F.3d at 560. (internal citation and quotation marks omitted). When the latter is the case, the exercise of jurisdiction would be inappropriate. Such is the case here.

A declaratory judgment by this Court could determine an issue that the state court might decide differently in the underlying litigation. The counter-complaint in the state case lists seven theories of landlord liability against DTJ Investment. Those claims turn on whether DTJ Investment knew of the mold contamination before the parties entered into the rental agreement and did not respond appropriately after the Burnhams discovered it. Some of the coverage issues depend on the nature and source of the injuries. If the Court were to exercise jurisdiction over this

action, there would be a genuine risk that the factual findings and legal conclusions reached by this Court on those issues might conflict with those made by the state court. Therefore, the fourth factor favors abstention.

### E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Moreover, the question of coverage could be determined in the pending state court lawsuit by means of a garnishment action after a judgment in favor of the damaged claimants. *See, e.g.*, *Helder v. Sruba*, 462 Mich. 92, 611 N.W.2d 309 (2000). In such an action, Allstate could raise all the defenses to coverage it might raise here. *Id.* at 101-02, 611 N.W.2d at 315.

### III.

The Court believes that the *Grand Trunk* factors favor abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date: March 14, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 14, 2019.

       s/Susan K. Pinkowski
       SUSAN K. PINKOWSKI